IN THE UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KATHY MEDLEY and RON MEDLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs, Kathy Medley and Ron Medley, and file this, their Complaint in the above-styled case, showing the Court as follows:

1.

At all times relevant to this Complaint, Plaintiffs Kathy Medley and Ron Medley are and have been residents of the State of Georgia.

2.

The claims in this Complaint are brough pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680.

3.

Plaintiffs presented their claims to the United States Postal Service, an agency of the United States of America, on November 20, 2020. Six months elapsed without the United States Postal Service responding to the claims, which constitutes denial of claims as of May 20, 2020.

4.

The amount in controversy exceeds $75,000.00, the minimum jurisdictional limit of this Court. Jurisdiction and venue are proper in this Court.

5.

On June 27, 2019, at approximately 1:40 P.M., Plaintiff Kathy Medley was operating a silver 2016 Kia Sorento traveling west on Highway 80 just past the intersection of Girl Scout Road in Crawford County, Georgia.

6.

At that time, David Bland, an employee of the United States Postal Service, was operating a white 2010 Ford Focus traveling east on Highway 80 delivering the mail.

7.

At all times relevant to this incident, David Bland was in the course and scope of his work as an employee of the United States Postal Service, an agency of the United States government.

8.

At the above-stated time, David Bland failed to maintain his lane, crossed the center line, and drove directly into the lane of travel of Plaintiff Kathy Medley's vehicle.

9.

Plaintiff Kathy Medley attempted to avoid the collision with the Bland vehicle, but was unable to do so, and a serious collision occurred between the two vehicles.

10.

The above-described collision caused Plaintiff Kathy Medley serious and permanent personal injury, including special damages in the nature of medical bills and lost wages, as well as great physical and mental pain and suffering, including past, present, and future pain and suffering.

11.

At all times relevant to this Complaint, Plaintiff Ron Medley is and has been the lawfully married spouse of Plaintiff Kathy Medley, and has suffered loss of consortium, including past, present, and future loss of consortium, due to the negligence of David Bland.

12.

At all relevant times, David Bland owed certain civil duties to Plaintiffs. David Bland violated those duties in the following particulars:

a. In failing to make reasonable and proper observations while driving; or, if reasonable and proper observations were made, failing to act on them;

b. In failing to maintain lane in violation of O.C.G.A. § 40-6-48;

c. In driving the car without due caution and in a manner so as to endanger others in the vicinity in violation of O.C.G.A. § 40-6-241; and

d. In committing other negligent acts and omissions as may be shown by the evidence and proven at trial.

13.

Defendant United States of America is vicariously liable for the negligence of David Bland under the limited waiver of sovereign immunity pursuant to the Federal Tort Claims Act for torts committed by Bland in the course and scope of his employment by the United States Postal Service, an agency of the United States government.

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and judgment against Defendant as follows:

A. That process and summons be issued, as provided by law, requiring Defendant to appear and answer Plaintiffs' Complaint;

B. That Plaintiffs have a trial by a fair and impartial jury of twelve members;

C. That Plaintiffs obtain a judgment against Defendant for the full value of all general and special damages;

D. That the costs of bringing this action be taxed against the Defendant;

E. That Plaintiffs have such other and further relief as this Court shall deem appropriate and just.

Respectfully submitted this 21st day of June, 2021.

/s/Katherine L. McArthur
KATHERINE L. McARTHUR
Georgia Bar No. 480730

/s/Caleb F. Walker
CALEB F. WALKER
Georgia Bar No. 431765

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
cwalker@mcarthurlawfirm.com
*Attorneys for Plaintiffs*