**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KATHY MEDLEY, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:21-CV-206 (MTT)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

The parties have mostly navigated discovery without issue; written discovery has been exchanged, depositions have been taken, and a discovery status report was filed.[1] Docs. 9; 13 ¶¶ 3-9.  However, the plaintiffs' deadline to disclose expert witnesses was December 29, 2021, and the plaintiffs missed it.  Docs. 7 at 5; 11-1 at 8.  Their lawyer was sick with COVID-19 when the deadline passed.  Doc. 13 ¶ 6.  When defense counsel reminded plaintiffs' counsel of his mistake, he promptly moved to reopen and extend that deadline.  *Id*. ¶ 12.

At the outset, it is important to note that the "undisclosed" experts are Plaintiff Kathy Medley's treating physicians and that early in discovery the plaintiffs disclosed those physicians and produced their medical records.  Doc. 11-1 at 2.  In other words, the Government knew all about the "undisclosed" experts.  What plaintiffs' counsel

---

[1] Although this status report was filed after the plaintiffs' deadline to disclose expert witnesses ran, the report stated that "medical expert testimony will be needed."  Doc. 9 ¶ 5.

failed to do was to take the now routine next step of confirming that the treating physicians would testify about the cause of Medley's injuries.  That was a mistake, but an understandable one given counsel's illness.  But any personal injury defense lawyer with a modicum of experience, and that certainly includes defense counsel here, would have known the plaintiffs would elicit causation opinions from Medley's disclosed treating physicians.  Indeed, as noted, defense counsel informed plaintiffs' counsel of his mistake.  Doc. 13 ¶ 12.  The only surprise here is that plaintiffs' counsel missed the deadline.  The Court does not blame the Government for attempting to capitalize on that mistake, but it doubts that the Government was surprised that the Court viewed counsel's extension request as routine.  *See* Doc. 16.

The Government now vigorously argues that the plaintiffs have not shown good cause for failing to timely disclose expert witnesses.  Doc. 17.  The Government cites multiple cases where courts applied the good cause standard for modifying a scheduling order, but it does not cite any cases binding on this Court that dealt with a party that missed a single deadline to disclose a witness, particularly when the witness was known to the opposing party.  The one binding case that the Government does cite, *Sosa v. Airprint Systems, Inc.*, involved a motion to amend a *complaint* after the scheduling order's deadline for amending pleadings expired, not a mere motion to extend the deadline to disclose a witness.  Doc. 17 at 2 (citing 133 F.3d 1417 (11th Cir. 1998)).  Moreover, in *Sosa* the district court enforced its scheduling order deadline, choosing not to exercise its discretion to grant an extension.  *Sosa*, 133 F.3d at 1418-19.

The Government does not, of course, contend it was unaware of the treating physicians or that it was surprised when plaintiffs' counsel moved to rectify his mistake. But the Government asserts that it will suffer prejudice if the plaintiffs are allowed to disclose their treating physicians as expert witnesses because the Government's experts will have less time to produce expert reports.  Doc. 17 at 5-6.  However, the Court has already extended the Government's deadline to disclose expert witnesses, and if the Government needs more time, it may ask.  Doc. 19.  The Government also asserts that it will suffer prejudice because the plaintiffs are now aware of its defense strategy.  Doc. 17 at 6.  Specifically, the Government is concerned that "because its summary judgment motion provided a detailed outline of its defense strategy on the element of causation," the Government's strategy "may be used to prepare plaintiffs' experts."  *Id*.  That "defense strategy," however, is not at all novel—the Government contends the causal link between Kathy Medley's vehicle accident and her "numerous surgeries" is tenuous, and it relies on the medical records the plaintiffs produced to support that contention.  Doc. 11-1 at 11.  Thus, the Government will not be inappropriately[2] prejudiced in any way.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"  *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)).  This includes the authority to set deadlines or to grant extensions.  *Gomez v. Trustees of Harvard Univ*., 676 F. Supp. 13, 15 (D.D.C. 1987) ("[I]t is clear that the Court has inherent authority to modify pre-trial

---

[2] The Government does not contend that the inability to capitalize on plaintiffs' counsel's mistake constitutes prejudice.

procedural deadlines to serve the best interests of justice.").  Accordingly, the Court may exercise its inherent authority to open and extend the plaintiffs' deadline to disclose expert witnesses.

The plaintiffs are not attempting to change the scope of this litigation or pull any tricks.  Rather, they missed a single deadline, which, in the Court's experience, is uncharacteristic and rare for the lawyer involved.  The interests of justice would not be served if the Court were to limit a party's recovery because counsel, for understandable reasons, missed a discovery deadline, particularly when the opposing party is not inappropriately prejudiced.  Thus, after thoroughly considering the Government's arguments, the plaintiffs' motion to reopen and extend the deadline to identify expert witnesses (Doc. 13) is **GRANTED**.

**SO ORDERED**, this 31st day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT